930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Dennis Reed GRENEMYER, Petitioner-Appellant,
v.
Frank GUNTER, Respondent-Appellee.
 No. 90-1332.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Dennis Grenemyer appeals a district court order dismissing his petition for writ of habeas corpus seeking release from custody pursuant to 28 U.S.C. Sec. 2254. On appeal, Grenemyer argues the district court erred in finding he had not exhausted available state remedies before petitioning for a writ of habeas corpus in federal court. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Grenemyer presently is incarcerated at the Fredmont Correctional Facility in Canon City, Colorado for sexually assaulting a child under the age of fifteen. His sentence of four years' imprisonment and one year of parole began December 22, 1988.
 
 
 4
 Grenemeyer's petition for writ of habeas corpus alleges four grounds for release from state custody:
 
 
 5
 (1) The Colorado statute disallowing the admission of evidence of mistake in cases when a victim of sexual assault is below age fifteen, Colo.Rev.Stat. Sec. 18-3-406 (1986), is unconstitutional. The application of the statute deprived Grenemyer of a fair trial and the right to confront witnesses against him.
 
 
 6
 (2) The mittimus erroneously listed a conviction for violation of the wrong statute and was dated March 21, 1986. Because four years had passed and the mittimus had not been been amended, Grenemyer's continued incarceration is illegal.
 
 
 7
 (3) The conviction was obtained as a result of perjured evidence used knowingly and intentionally by the prosecutor.
 
 
 8
 (4) The Colorado State Parole Board deprived Grenemyer of his right to mandatory parole in deciding on July 9, 1990 to deny him parole so he could serve more time in a Department of Corrections Facility, continue correctional treatment, and participate in a Sex Offender Treatment Program (SOTP). Assuming parole for sex offenders is not mandatory but rather discretionary, this exception to mandatory parole violates the equal protection clause of the fourteenth amendment. Further, the SOTP is not presently available to Grenemyer at Fredmont. Finally, Grenemyer was denied his right to a speedy trial, and the prosecution failed to disclose evidence about a prior acquittal involving the same victim.
 
 
 9
 A habeas corpus petitioner must exhaust available state remedies before seeking federal court intervention. 28 U.S.C. Sec. 2254(b). In interpreting the exhaustion rule in section 2254, the Supreme Court has held that a district court must dismiss a petition for writ of habeas corpus containing any claim that has not been exhausted in state court. Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court in Rose explained that a petitioner then has the choice of returning to state court to exhaust his claims or resubmitting the petition so it presents only exhausted claims. Id. However, the Court pointed out that a prisoner who decides to resubmit exhausted claims and set aside unexhausted claims will risk dismissal of subsequent federal habeas petitions under the principle of abuse of the writ. Id. at 521; see 28 U.S.C. Sec. 2254 Rule 9(b).
 
 
 10
 Grenemyer concedes the parole issue contained in ground four was not presented in state court, but he contends it is properly before the court in a habeas proceeding as a federal question. We disagree. If parole for sex offenders is mandatory under Colorado Revised Statutes Sec. 16-11-310 as Grenemyer asserts, then the Parole Board's failure to grant parole may be remedied in a state habeas proceeding. See Thiret v. Kautzky, 792 P.2d 801, 808 (Colo.1990). If parole is discretionary for individuals convicted of sexual assault on a child as the Colorado Supreme Court recently has held, see id. at 807, then Grenemyer must exhaust the state post-conviction remedy under Rule 35(c)(2) of the Colorado Rules of Criminal Procedure before challenging the constitutionality of this scheme of discretionary parole in federal court.
 
 
 11
 Because Grenemyer has not sought state review by means of a petition for habeas corpus or a Rule 35 motion, we hold he has not exhausted available state remedies on all claims listed in the petition. Therefore, we AFFIRM the district court and dismiss the petition. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3